■ FLORENCE RADOSH, Also Known as FLORENCE RAE, Respondent, v. EDDIE H. SHIPSTAD et al., Doing Business as ICE FOLLIES, Appellants.— In an action by plaintiff, a professional theatrical ice skater of unique skill and talent, to recover damages by reason of defendants' breach of the employment contract between them, defendants appeal from a judgment of the Supreme Court, Queens County, entered January 19, 1962 after trial, upon the jury's verdict of $12,325 in favor of the plaintiff (upon the first cause of action alleged in the complaint). The complaint contains two causes of action, and the defendants asserted a counterclaim. The court dismissed the second cause of action; defendants withdrew their counterclaim. Only the first cause of action for breach of contract was submitted to the jury. Judgment reversed on the law and the facts,. and a new trial granted as to the first cause of action, with costs to abide the event. The .principal issues tendered by the pleadings with respect to the first cause of action were: (a) whether plaintiff's weight was excessive in. November, 1958, when defendants refused to permit her to perform under the contract by reason of her overweight; and (b) if plaintiff's weight was then excessive, whether it continued to be excessive during the term of the contract, thus justifying her continued suspension by defendants. The proof adduced was deflected from these issues, however. Plaintiff's proof, as elicited by her counsel and the Trial Justice, centered largely on her weight

and appearance at the time of the trial; she also was permitted to exhibit herself in full theatrical skating attire before the jury. We believe it was error: (a) to confuse the real issues by emphasizing plaintiff's current weight and appearance, and by thus making these factors an issue in the case; and (b) to permit plaintiff to exhibit herself in skating costume before the jury. We also believe that by reason of the confusion as to the proper issues in the case, the Trial Justice restricted unduly the defendants' counsel in eliciting from the witnesses proof which was relevant and material. Under all the circumstances, a new trial is required in the interests of justice. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.